IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:06CV453-1-T
(3:04CR329)

| | |
|---|---|
| CHRISTOPHER W. BLIDEE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed October 30, 2006. For the reasons stated herein, Petitioner's motion will be denied and dismissed.

## I. PROCEDURAL HISTORY

On December 15, 2004, Petitioner was one of five individuals named in an 18-Count Bill of Indictment charging him with "engag[ing] in a scheme to defraud multiple financial institutions in [this District] by manufacturing and passing counterfeit and forged checks and by opening a variety of

bank accounts with fictitious, and sometimes stolen, means of identification, including names, dates of birth, and social security numbers." **Bill of Indictment, filed December 15, 2004, at 1.** The Indictment also set forth the following "Sentencing Allegations": 1) the losses exceeded $500,000 as to each defendant; 2) the offenses involved 10 or more victims as to each defendant; and 3) the offenses involved sophisticated means as to each defendant. *Id.*, at 7.

On March 21, 2005, the Petitioner entered into a plea agreement with the Government wherein he agreed to plead guilty to Count One of the indictment charging him with conspiracy in violation of 18 U.S.C. § 371. *Id.*, at 3; **Plea Agreement, filed March 21, 2005, at 1.** On April 7, 2005, the Petitioner and his attorney appeared before the Magistrate Judge for a Rule 11 hearing and Petitioner entered his guilty plea. **Entry and Acceptance of Guilty Plea (Rule 11 Proceeding), filed April 7, 2005.** After engaging Petitioner in its standard, lengthy colloquy and ensuring that his guilty plea was being knowingly and voluntarily tendered, his plea was accepted by the Magistrate Judge. *Id.*, at 5. On April 3, 2006, this Court sentenced Petitioner to 30 months imprisonment and a three-year term of supervised release, and ordered him to begin paying immediately

$293,375.57 in restitution.  **Judgment in a Criminal Case, filed April 19, 2006.**  Petitioner did not appeal his sentence or conviction; therefore, his judgment became final 10 days later.  ***United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001).**  This motion is, therefore, timely filed.

Petitioner filed this motion to vacate on October 30, 2006, alleging that his counsel was ineffective for failing to argue that Petitioner should receive a downward departure based upon his status as a deportable alien, that he has provided financial support of Liberian family members residing in a refugee camp, in consideration of his immediate family circumstances, and his cultural assimilation.  Petitioner also requests that this Court direct the prison where he is incarcerated to cease collecting payment towards his restitution/fine.

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief on the claims set forth therein.  **Rule 4(b), Rules Governing Section**

**2255 Proceedings for the United States District Courts.** In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion. *Id*. Following such directive, the Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

### III. ANALYSIS

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984). In *Strickland*, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. **Id. at 689**; **Fields v. Attorney General of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1995).** Petitioner bears the burden of proving *Strickland* prejudice. **Fields,**

**at 1297.** If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." **Id. at 1290**.

Moreover, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. **Hill v. Lockhart, 474 U.S. 52, 53-59 (1985).** When a petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" **Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988) (quoting Hill, supra, at 59).**

In Petitioner's plea agreement, both parties explicitly agreed not to seek any departures from the applicable guideline range except as set forth in the Plea Agreement. **Plea Agreement, supra, at ¶ 7k**. The plea agreement does not reference any departures under U.S.S.G. § 5K2.0 (Grounds for Departure) or departures for alien status, family circumstances, or cultural assimilation. Petitioner was sentenced within the applicable guideline range. Consequently, counsel, per the terms agreed to by Petitioner in his plea agreement, could not argue for a

downward departure based upon the above factors, and his performance was not deficient.

Moreover, even if counsel were not precluded by the terms of the plea agreement from arguing for a downward departure based upon Petitioner's alien status and family circumstances, Petitioner's ineffective assistance of counsel claim cannot prevail because he suffered no prejudice.

Petitioner argues that he should have received a downward departure because of his status as a deportable alien. Alienage is a factor that is neither a forbidden nor an encouraged factor as a basis for departure. If, as with alienage, a factor is not mentioned in the Guidelines, a court must, "after considering the 'structure and the theory of both relevant individual guidelines and the Guidelines taken as a whole' decide whether it is sufficient to take the case out of the Guideline's heartland." **Koon v. United States, 518 U.S. 81, 96 (1996) (quoting United States v. Rivera, 994 F.2d 942, 949 (1st Cir. 1993)).** Departures granted pursuant to § 5K2.0 based upon grounds not mentioned in the Guidelines should be "highly infrequent." **Id. at 96.**

The Court does not find that Petitioner's mere status as a deportable alien is sufficiently extraordinary to take this case outside of the heartland of the Guidelines and to warrant a downward departure. Consequently, even if Petitioner's counsel had argued for a downward departure based upon alienage, the motion would have been denied. Therefore, Petitioner suffered no prejudice and his claim of ineffective assistance of counsel must fail.

Similarly, family circumstances are identified in policy statements as "not ordinarily relevant" to a determination of whether a sentence should be outside the guideline range. **See U.S.S.G. § 5H1.6.** The Fourth Circuit has set a very high bar for finding that family circumstances justify a downward departure. **See, United States v. Wilson, 114 F.3d 429, 434 (4th Cir. 1997) (citing numerous cases holding family circumstances not extraordinary).**

Petitioner asserts that by providing financial support to his family members in Liberian refugee camps, the fact that his wife is suffering from depression, and that his 8-month old daughter needs a father, constitute sufficient circumstances to warrant a downward departure. As established by the case law, the circumstances set forth by Petitioner with regard to his

extended family in a refugee camp and his immediate family are not extraordinary and do not warrant a departure. Consequently, because this Court would have denied any downward departure motion based on these circumstances, Petitioner cannot establish that counsel was ineffective or that he was prejudiced.

Cultural assimilation, like alienage, is a factor that is neither a forbidden nor an encouraged factor as a basis for departure. Consequently, this Court must, "after considering the 'structure and the theory of both relevant individual guidelines and the Guidelines taken as a whole' decide whether it is sufficient to take the case out of the Guideline's heartland." **Koon, supra.** Departures granted pursuant to § 5K2.0 based upon grounds not mentioned in the Guidelines should be "highly infrequent." *Id.* **at 96.**

Petitioner states that entered the United States when he was 15, he is now married with a child, and he no longer has significant ties to Liberia. However, these assertions do not present the type of extraordinary circumstances necessary to remove this case from the Guideline's heartland. *Id.* Consequently, Petitioner cannot establish that he was

prejudiced by his counsel's failure to argue for a downward departure on this basis.

Because Petitioner has failed to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," the second prong of *Strickland* need not be reached.

Finally, Petitioner also requests that this Court direct the prison where he is incarcerated to cease collecting payment towards his restitution/fine. Such a request is not a proper claim in a § 2255 motion as Petitioner is not seeking to challenge the legality of his conviction or sentence.[1]  ***See Blaik v. United States*, 161 F.3d 1341, 1342-43 (11th Cir.**

---

[1] The Court notes that participation in the Inmate Financial Responsibility Program ("IFRP") does not establish a violation of *United States v. Miller*, 77 F.3d 71 (4th Cir. 1996)*.* "The immediate payment directive is generally interpreted to require payment to the extent that the defendant can make it in good faith, beginning immediately." ***Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002) (internal quotation marks omitted) (holding that "BOP has the discretion to place an inmate in the IFRP when the sentencing court has ordered immediate payment of the court-imposed fine") (citing *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999) and *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 550 (9th Cir. 1998)).**

**1998) (collecting cases holding that a § 2255 motion may not be used to challenge fines or restitution orders).**

Because the Court's review of the relevant record evidence conclusively shows that Petitioner cannot establish that he received ineffective assistance of counsel and the issue of the collection of his restitution is not properly raised in a § 2255 motion, Petitioner's motion is denied.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside, or correct sentence is hereby **DENIED**.  A Judgment dismissing this action is filed herewith.

Signed: May 9, 2007

Lacy H. Thornburg
United States District Judge